UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Esmir Colorado-Cuero

   v.                                                    Case No. 23-cv-295-JL

Warden, FCI Berlin

**REPORT AND RECOMMENDATION**

Petitioner, Esmir Colorado-Cuero, a prisoner at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1). The petition is before this court for preliminary review. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4)(A); see also § 2254 Rule 1(b) (§ 2254 Rules may apply to § 2241 petitions).

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a federal judge must screen § 2241 petitions and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id.; see also 28 U.S.C. § 2243; McFarland v. Scott, 512 U.S. 849, 856 (1994) (courts "are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). In conducting its § 2254 Rule 4 review, the court construes pro se filings liberally. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**Background**

Mr. Colorado-Cuero was convicted of multiple felonies, including drug trafficking, money laundering, and re-entry of a deported alien, in two cases in the Eastern District of Texas in February 2019. See United States v. Colorado-Cuero, No. 1:18-cr-00063-MAC-ZJH-1 (E.D. Tex. Feb. 12, 2019) (ECF No. 28); see also J., United States v. Colorado-Cuero, No. 1:17-cr-MAC-CLS-7 (E.D. Tex. Feb. 14, 2019) (ECF No. 284). He was sentenced to 121 months of imprisonment followed by five years of supervised release. See id. The BOP Inmate Locator and his petition project his release date to be October 4, 2026.

Mr. Colorado-Cuero brings this petition saying that the Federal Bureau of Prisons ("BOP") has improperly executed his sentence by classifying him as ineligible for the application of First Step Act ("FSA") "earned time" sentencing credits because he is the subject of an immigration detainer. He seeks an order directing the BOP to recalculate his sentence applying all of his FSA earned time credits.

**Discussion**

Mr. Colorado-Cuero states in his § 2241 petition that he did not exhaust his administrative remedies for any of his FSA earned time credit claims. Federal courts apply a federal common law exhaustion requirement to the claims of inmates challenging the

BOP's computation of their sentences, and the failure to exhaust may result in the dismissal of the petition.  See Baez v. Moniz, 460 F. Supp. 3d 78, 83 n.5 (D. Mass. 2020); see also Clark v. Allenwood, 665 F. App'x 136, 137 (3d Cir. 2016) (per curiam); Cook v. Spaulding, 433 F. Supp. 3d 54, 57 (D. Mass. 2020).

> This administrative exhaustion requirement generally serves twin purposes: promoting judicial efficiency and protecting administrative agency authority.

Carroll v. Hazlewood, No. 21-cv-139-PB, 2021 U.S. Dist. LEXIS 128036, at *5, 2021 WL 2877463, at *2 (D.N.H. May 26, 2021) (internal citations, quotation marks, and brackets omitted), R&R approved, 2021 U.S. Dist. LEXIS 127225, 2021 WL 2857184 (D.N.H. July 7, 2021); see also Woodford v. Ngo, 548 U.S. 81, 89 (2006) (requiring exhaustion affords the agency "an opportunity to correct its own mistakes" and generates a record for the reviewing court (internal quotation marks omitted)).

The common law exhaustion requirement is subject to exception where exhaustion would be futile or inadequate to prevent irreparable harm.  See Carroll, 2021 U.S. Dist. LEXIS 128036, at *5, 2021 WL 2877463, at *2.

> "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action."

Williams v. Willis, 765 F. App'x 83, 83-84 (5th Cir. 2019) (citations omitted); see also Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010).  The petitioner has the burden of demonstrating

3

that an exception to the exhaustion requirement applies.  See Garza, 596 F.3d at 1203; see also Williams, 765 F. App'x at 84.

Mr. Colorado-Cuero has asserted here that exhaustion would be futile because: (1) the BOP has a consistent policy of declining to apply the earned time credits of prisoners with immigration detainers; and (2) there is insufficient time remaining in his sentence to allow for the exhaustion of BOP remedies.  Neither of those arguments is persuasive.

This petitioner has not demonstrated that the outcome of the administrative remedy process would be futile based on any currently applicable BOP policy.  Prior to February 6, 2023, the BOP had a policy of deeming prisoners with immigration detainers to be ineligible for the application of FSA earned time credits.  On February 6, 2023, however, the BOP revised that policy; the agency no longer treats the existence of an immigration detainer as a reason for declining to apply any of the prisoner's FSA earned time credits.  See BOP Program Statement 5410.10 CN-1 at 2 (Feb. 6, 2023).  Consequently, prisoners subject to immigration detainers (but not final orders of removal) are no longer ineligible for the application of FSA earned time credits, as a matter of agency policy.  Cf. 18 U.S.C. § 3632(d)(4)(E)(i) (ineligibility of prisoners with final orders of removal).

Mr. Colorado-Cuero also grounds his argument regarding the futility of exhaustion in what he considers to be the excessive amount of time it would take to exhaust his BOP remedies, relative

4

to the time remaining in his sentence. That argument is similarly unavailing.

The FSA prohibits the application of any earned time credits to accelerate a prisoner's date of access to prerelease custody or supervised release until the total number earned is equal to the amount of time remaining on his or her sentence. See 18 U.S.C. § 3624(g)(1)(A); 28 C.F.R. § 523.44(b)(1). See generally Rengifo-Valencia v. Warden, No. 23-cv-082-SM, 2023 DNH 041, 2023 WL 3020871, at *1, 2023 U.S. Dist. LEXIS 68863, at *3 (D.N.H. Apr. 20, 2023). As of May 26, 2023, when this petition was docketed, Mr. Colorado-Cuero had 1,227 days remaining in his sentence. He has estimated that he has earned more than a year of earned time credits that have not been applied, and that amount is not belied by this court's calculations.[1] In Mr. Colorado-Cuero's case, more than a year was available for him to complete the process of exhausting his BOP remedies at the time he filed his petition -- and more than a year remains -- before his time credits could be applied under the FSA. He does not claim that it would take that long to exhaust his BOP remedies.

Therefore, Mr. Colorado-Cuero has not demonstrated that any exception to the exhaustion requirement applies in his case.

---

[1] An eligible prisoner sentenced in February 2019 who files a petition in May 2023 might have earned approximately 790 days of earned time credits, but not more, from the date of sentencing until the date the petition was filed, assuming that credits accrued at the maximum statutory rate. See 18 U.S.C. § 3632(d)(4)(A)(i)-(ii) & (B)(i)-(ii).

Accordingly, the district judge should dismiss this § 2241 petition, without prejudice to Mr. Colorado-Cuero's ability to file a new petition challenging the BOP's calculation of his sentence, after he fully exhausts his BOP remedies on his claims.

## Conclusion

For the foregoing reasons, the district judge should dismiss the § 2241 petition without prejudice. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 8, 2023

cc: Esmir Colorado-Cuero, pro se